UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUDGE LEFKOW

MAGISTRATE JUDGE COX

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.    12 CR 284 |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| JACQUELINE KENNEDY, | ) | Code, Sections 287, 1028A, 1341, and 1343, |
| TARA COX, | ) | and Title 26, United States Code, |
| ROWENA PUGHSLEY, | ) | Section 7206(1) |
| ORVIN HURST, | ) | |
| MARCEL MASON, | ) | **SUPERSEDING** |
| SHAWN RAY, | ) | **INDICTMENT** |
| EBONI COPPAGE, and | ) | |
| MICHAEL O'NEAL | ) | |

**FILED**
7-2-13
JUL X 2 2013

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The SPECIAL AUGUST 2012 GRAND JURY charges:

1.      At times material to this indictment:

(a)      The Internal Revenue Service ("IRS") provided that taxpayers who were entitled to a refund of federal individual income taxes could claim that refund either by signing and filing in person a U.S. Individual Form 1040, 1040A, 1040EZ (collectively referred to hereinafter as "Form 1040"), by mailing a Form 1040, or by participating in the "Electronic Filing" program.

(b)      The Electronic Filing program was designed, in part, to provide taxpayers with a mechanism for accelerated processing of their income tax returns and faster distribution of tax refunds to the taxpayers.

(c)      The information that the Form 1040 required the taxpayer to provide included, but was not limited to, the taxpayer's name and address, social security number, filing status, number of dependents, total income for the tax year, the amount of federal income tax withheld during the tax year, and the amount of tax due or refund claimed.  The taxpayer was

1

required to provide information contained in Form W-2 for any wages or salary claimed. Depending on the circumstances and submissions of the particular taxpayer, various other schedules and forms also were required to be attached to the Form 1040.

(d)    The Earned Income Credit ("EIC") was a special tax credit for certain people who worked and earned below a threshold level of income, taking into account all taxable and non-taxable income. The EIC reduced the amount of income tax owed by an individual taxpayer, and was intended to offset increases in living expenses and social security taxes. Taxpayers who qualified could claim the EIC by completing a Schedule EIC, which was required to be attached to the Form 1040.

(e)    An individual taxpayer could request that a qualified and registered tax preparation officer prepare applicable forms and schedules on the taxpayer's behalf, and this tax preparer could submit the forms, schedules, and other data necessary to complete the taxpayer's federal tax return.

(f)    Information contained in the Form 1040, including but not limited to the attached forms and schedules, was material to the IRS in determining and issuing taxpayer refunds under the internal revenue law.

(g)    Beginning not later than 2007, defendant JACQUELINE KENNEDY owned and managed ATAP Financial Enterprises, Inc., ATAP Tax & Business Solutions, Inc., and ATAP Tax Services, Inc., which were in the tax preparation business (collectively, "ATAP"). ATAP operated in the Northern District of Illinois, including at 1757 West 95th Street, Chicago, Illinois. Its business included preparing federal income tax returns and filing those returns on behalf of individual taxpayers, who would provide personal identifying information and various financial information to ATAP, its owner, and employees.

2

(h)     While preparing federal income tax returns at ATAP, defendant JACQUELINE KENNEDY presented herself as an income tax preparer and held herself out to clients as a person trained in and knowledgeable about the preparation and filing of federal income tax returns.

(i)     Defendant JACQUELINE KENNEDY participated in the Electronic Filing program. Upon completion of applicable forms and schedules for an individual taxpayer, ATAP would electronically transmit the information in the Form 1040, the taxpayer's W-2 Form, and other forms and schedules from Illinois to the IRS Service Center in Kansas City, Missouri.

2.     Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from the United States Treasury Department by means of materially false and fraudulent pretenses, representations and promises, and material omissions, which scheme is further described below.

3.     It was part of the scheme that defendant JACQUELINE KENNEDY knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Forms 1040) for clients of ATAP or in the names of clients of ATAP claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3

4.     It was further part of the scheme that defendant JACQUELINE KENNEDY inflated certain ATAP clients' tax refunds by manufacturing fraudulent Forms W-2 from companies for which the clients did not, in fact, work, or from companies for which the clients did work but did not earn the inflated wages reported; thereby purporting to qualify them for a larger EIC to which they were not entitled, causing an increase in the amounts of the tax refunds to which they were not entitled.

5.     It was further part of the scheme that defendant JACQUELINE KENNEDY received and disregarded valid Forms W-2 provided by ATAP clients.

6.     It was further part of the scheme that defendant JACQUELINE KENNEDY knew that the companies from which she was manufacturing fraudulent Forms W-2 were fictitious and that her ATAP clients were not, in fact, employed by such companies.

7.     It was further part of the scheme that defendant JACQUELINE KENNEDY submitted federal tax returns for ATAP clients electronically using ATAP's Electronic Identification Number; and that such returns traveled via interstate wire from Illinois to the IRS Service Center in Kansas City, Missouri.

8.     On or about February 8, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer J.C., to the IRS in Kansas City, Missouri, which was false and fraudulent as to material matters, in that defendant JACQUELINE KENNEDY stated

4

and caused to be stated in that return:

        (a)     On Form 1040, line 7, and on a Form W-2 from Kennedy Hampton Randle Finan., that Taxpayer J.C. had wages of $8,240;

        (b)     On Form 1040, line 41, and on Schedule EIC, that Taxpayer J.C. was entitled to an Earned Income Credit of $2,797;

        (c)     On Form 1040, lines 45 and 46, that Taxpayer J.C. had overpaid her federal taxes in the amount of $3,983 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT TWO

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1. Paragraphs 1 through 7 of Count One are realleged and incorporated.

2. On or about March 25, 2008, at Chicago, in the Northern District of Illinois, Eastern Division,

### JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2007 on behalf of Taxpayer T.T., to the IRS in Kansas City, Missouri, which was false and fraudulent as to material matters, in that defendant JACQUELINE KENNEDY stated and caused to be stated in that return:

(a) On Form 1040, line 7, that Taxpayer T.T. had total wages of $10,686;

(b) On a Form W-2 from Robey Cleaning and Relocation that Taxpayer T.T. had wages of $5,590 from that company;

(c) On Form 1040, line 40, and on Schedule EIC, that Taxpayer T.T. was entitled to an Earned Income Credit of $2,853;

(d) On Form 1040, lines 43 and 44, that Taxpayer T.T. had overpaid her federal taxes in the amount of $3,369 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false;

In violation of Title 18, United States Code, Sections 1343 and 2.

6

## COUNT THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 7 of Count One are realleged and incorporated.

2.      On or about April 6, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2008 on behalf of Taxpayer T.T., to the IRS in Kansas City, Missouri, which was false and fraudulent as to material matters, in that defendant JACQUELINE KENNEDY stated and caused to be stated in that return:

(a)      On Form 1040, line 7, and on a Form W-2 from Robey Cleaning and Relocation, that Taxpayer T.T. had wages of $8,100;

(b)      On Form 1040, line 40, and on Schedule EIC, that Taxpayer T.T. was entitled to an Earned Income Credit of $2,763;

(c)      On Form 1040, lines 44 and 45, that Taxpayer T.T. had overpaid her federal taxes in the amount of $3,241 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false;

In violation of Title 18, United States Code, Sections 1343 and 2.

7

## **COUNT FOUR**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 7 of Count One are realleged and incorporated.

2.      On or about April 12, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2009 on behalf of Taxpayer T.T., to the IRS in Kansas City, Missouri, which was false and fraudulent as to material matters, in that defendant JACQUELINE KENNEDY stated and caused to be stated in that return:

(a)      On Form 1040, line 7, and on a Form W-2 from Robey Cleaning and Relocation, that Taxpayer T.T. had wages of $9,600;

(b)      On Form 1040, line 41, and on Schedule EIC, that Taxpayer T.T. was entitled to an Earned Income Credit of $3,850;

(c)      On Form 1040, lines 45 and 46, that Taxpayer T.T. had overpaid her federal taxes in the amount of $6,066 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 7 of Count One are realleged and incorporated.

2.     On or about February 16, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

### JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the scheme described above, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Income Tax Return (Form 1040 and attachments) for the tax year 2008 on behalf of Taxpayer K.S., to the IRS in Kansas City, Missouri, which was false and fraudulent as to material matters, in that defendant JACQUELINE KENNEDY stated and caused to be stated in that return:

(a)     On Form 1040, line 7, and on a Form W-2 from Uniquely Special Enterprises Inc., that Taxpayer K.S. had wages of $13,025;

(b)     On Form 1040, line 40a, and on Schedule EIC, that Taxpayer K.S. was entitled to an Earned Income Credit of $4,824;

(c)     On Form 1040, lines 43 and 43, that Taxpayer K.S. had overpaid her federal taxes in the amount of $5,503 and was entitled to a refund of that amount;

Whereas, in fact, as the defendant knew, such statements were false;

In violation of Title 18, United States Code, Sections 1343 and 2.

9

## COUNT SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated.

2.      Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.      On or about February 22, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2009 in the name of Taxpayer S.H., which claimed a $7,735 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer S.H. had earned income from First Sight Consulting in the amount of $12,620 and that she was entitled to an Earned Income Credit in the amount of $5,028;

In violation of Title 18, United States Code, Sections 287 and 2.

10

## **COUNT SEVEN**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated.

2.      Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.      On or about March 8, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2009 in the name of Taxpayer L.M., which claimed a $7,097 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer L.M. had earned income from Rogers Happy Home Inc. in the amount of $13,372, and that she was entitled to an Earned Income Credit in the amount of $5,028;

In violation of Title 18, United States Code, Sections 287 and 2.

11

## **COUNT EIGHT**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1 of Count One is realleged and incorporated.

2.     Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.     On or about February 8, 2010, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2009 in the name of Taxpayer V.G., which claimed a $7,017 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer V.G. had earned income from Brocks Document Services Inc. in the amount of $8,120 and that she was entitled to an Earned Income Credit in the amount of $5,028;

In violation of Title 18, United States Code, Sections 287 and 2.

12

## COUNT NINE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraph 1 of Count One is realleged and incorporated.

2.     Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.     On or about February 23, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2008 in the name of Taxpayer T.T., which claimed a $4,911 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer T.T. had earned income from ATAP Financial Enterprises Inc. in the amount of $9,970, and that she was entitled to an Earned Income Credit in the amount of $4,470;

In violation of Title 18, United States Code, Sections 287 and 2.

13

## COUNT TEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated.

2.      Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.      On or about February 23, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2008 in the name of Taxpayer J.S., which claimed a $2,264 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer J.S. had earned income from Uniquely Special Enterprises Inc. in the amount of $6,215, and that she was entitled to an Earned Income Credit in the amount of $2,389;

In violation of Title 18, United States Code, Sections 287 and 2.

14

## COUNT ELEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraph 1 of Count One is realleged and incorporated.

2.      Beginning not later than in or about January 2008, and continuing until not earlier than in or about April 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere, defendant JACQUELINE KENNEDY, along with others known and unknown to the Grand Jury, knowingly prepared and caused to be prepared at least 200 false and fraudulent personal federal income tax returns (Form 1040) for clients of ATAP or in the names of clients of ATAP, claiming materially false amounts related to items of income and credits for tax years 2007, 2008, and 2009, including by manufacturing fraudulent Forms W-2 from companies for which the clients did not earn the wages reported, which returns were filed with the IRS and which falsely claimed at least approximately $1.025 million in tax refunds.

3.      On or about February 23, 2009, at Chicago, in the Northern District of Illinois, Eastern Division,

JACQUELINE KENNEDY,

defendant herein, made and caused to be presented to the IRS a claim upon and against the United States Department of Treasury, namely, a United States Individual Income Tax Return (Form 1040 and attachments) with an accompanying false Form W-2 and Schedule EIC from the tax year 2008 in the name of Taxpayer A.M., which claimed a $3,208 federal income tax refund, knowing that the claim was false, fictitious, and fraudulent in that the return falsely reflected that Taxpayer A.M. had earned income from Kennedy Hampton Randle Finan in the amount of $6,400, and that she was entitled to an Earned Income Credit in the amount of $2,917;

In violation of Title 18, United States Code, Sections 287 and 2.

15

## COUNT TWELVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Beginning not later than about 2007, defendant JACQUELINE KENNEDY owned and managed ATAP Financial Enterprises, Inc., ATAP Tax & Business Solutions, Inc., and ATAP Tax Services, Inc., which were in the tax preparation business (collectively, "ATAP"). ATAP operated in the Northern District of Illinois, including at 1757 West 95th Street, Chicago, Illinois. KENNEDY, and persons known and unknown to the Grand Jury, prepared federal income tax returns and filed those returns on behalf of clients of ATAP, who provided personal identifying information and various financial information to ATAP, its owner, and its employees.

2.      At times material to this indictment:

        (a)      The Illinois Department of Employment Security, the Indiana Department of Workforce Development, and the Minnesota Department of Employment and Economic Development operated unemployment insurance ("UI") programs for their respective states.

        (b)      In each respective state, employers were required to register with their respective agency, file quarterly wage reports used to calculate their quarterly unemployment payroll tax contributions, and pay the corresponding contributions.

        (c)      In each respective state, an employee terminated without fault ("claimant") could file a claim for UI benefits by providing his or her name, social security number, employer information, and information about the cause of termination.

        (d)      Claimants in Illinois and Minnesota could chose to have their UI benefits directly deposited into a bank account. For those claimants who did not elect to have benefits directly deposited into a bank account, the respective state agency would cause a debit card to be

16

mailed to the claimant. Claimants in Indiana received UI benefits via a debit card mailed to the claimant.

        (e)      To receive benefits for each weekly or biweekly period, the claimant was required to request benefits and to certify certain eligibility information, *e.g.*, whether the claimant worked, was able and available to work, and actively sought work during the certification period. This could be done online or by telephone. Benefits then were credited to the debit card or bank account.

        3.      Beginning not later than in or about February 2009, and continuing until not earlier than in or about December 2012, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JACQUELINE KENNEDY,<br>
TARA COX,<br>
ROWENA PUGHSLEY,<br>
ORVIN HURST,<br>
MARCEL MASON,<br>
SHAWN RAY,<br>
EBONI COPPAGE, and<br>
MICHAEL O'NEAL,

defendants herein, along with April Blanchard, Lantz Roberts, Jocklyn Batey, Ashlee Petermon, Tameka Thompson, Charles Williams, Marlin Hurst, Anise McGill, and others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property, in the form of UI benefit funds from the States of Illinois, Indiana, and Minnesota, by means of materially false and fraudulent pretenses, representations and promises, and material omissions, which scheme is further described below.

        4.      It was part of the scheme that defendants JACQUELINE KENNEDY and TARA COX created more than approximately 85 fictitious companies and registered them with the state unemployment agencies in Illinois, Indiana, and Minnesota, knowing the vast majority of the

17

employers existed only for the purpose of drawing UI benefits on behalf of purported employees, and then filed or caused to be filed UI claims with state unemployment agencies, fraudulently claiming to be employees of the fictitious companies who had been terminated without fault. During the course of the scheme, defendants JACQUELINE KENNEDY and TARA COX filed at least approximately 900 claims, and caused state unemployment agencies to issue UI benefits totaling in excess of approximately $9.1 million before the scheme was detected and payments were stopped.

5. It was further part of the scheme that, between approximately 2009 and 2012, defendants JACQUELINE KENNEDY, TARA COX, and others known and unknown to the Grand Jury caused the proceeds of the fraud to be transferred to UI debit cards for the benefit of themselves and defendants ROWENA PUGHSLEY, ORVIN HURST, MARCEL MASON, SHAWN RAY, EBONI COPPAGE, MICHAEL O'NEAL, April Blanchard, Lantz Roberts, Jocklyn Batey, Ashlee Petermon, Tameka Thompson, Charles Williams, Marlin Hurst, Anise McGill, and others known and unknown to the Grand Jury.

6. It was further part of the scheme that defendants JACQUELINE KENNEDY and TARA COX registered approximately 85 fictitious employers with the state UI agencies, and filed fraudulent quarterly wage reports on behalf of these fictitious employers, knowing that the employers, in fact, employed no such persons.

7. It was further part of the scheme that, at times, defendants JACQUELINE KENNEDY, TARA COX, ROWENA PUGHSLEY, April Blanchard, Lantz Roberts, and others paid or caused to be paid unemployment payroll tax contributions on behalf of the fictitious employers in order to create the false impression that the employers were in fact legitimate business enterprises with employees.

18

8.  It was further part of the scheme that, on or about November 9, 2009, defendant ROWENA PUGHSLEY purchased a money order in the amount of $500, made payable to "IDES," for the purpose of paying quarterly unemployment payroll tax contributions due to the Illinois Department of Employment Security from fictitious employer LBT Designs, Inc.

9.  It was further part of the scheme that defendant JACQUELINE KENNEDY, and others known and unknown to the Grand Jury, obtained personal identifying information of ATAP tax clients, including names, social security numbers, and dates of birth, which they used to file retroactive wage reports and subsequent claims for UI benefits under ATAP client names.

10. It was further part of the scheme that defendant MICHAEL O'NEAL, Lantz Roberts, and others recruited individuals into the scheme by offering part of the fraud proceeds in exchange for use of their personal identifying information, including names, social security numbers, and dates of birth.

11. It was further part of the scheme that defendants JACQUELINE KENNEDY, TARA COX, April Blanchard, Lantz Roberts, and others purchased social security numbers for the purpose of filing fraudulent claims for UI benefits.

12. It was further part of the scheme that defendants JACQUELINE KENNEDY, TARA COX, ROWENA PUGHSLEY, ORVIN HURST, SHAWN RAY, April Blanchard, Lantz Roberts, Jocklyn Batey, Tameka Thompson, Marlin Hurst, and Anise McGill caused UI debit cards to be delivered to their home addresses and other addresses with which they were associated knowing that the debit cards were fraudulently issued.

13. It was further part of the scheme that, on or about September 19, 2009, defendant ORVIN HURST caused a UI debit card in the name of Tara Cox to be delivered to his home address knowing that the debit card was fraudulently issued.

14.     It was further part of the scheme that defendants JACQUELINE KENNEDY, ROWENA PUGHSLEY, TARA COX, ORVIN HURST, MARCEL MASON, SHAWN RAY, EBONI COPPAGE, MICHAEL O'NEAL, April Blanchard, Lantz Roberts, Jocklyn Batey, Ashlee Petermon, Tameka Thompson, Charles Williams, Anise McGill, and others withdrew funds from ATMs using UI debit cards in the names of purported employees of fictitious employers knowing they were not entitled to those funds.

15.     It was further part of the scheme that, on or about March 7, 2011, defendant MARCEL MASON withdrew funds from an ATM using a UI debit in the name of M.W., a purported employee of Martin Transort, knowing that he was not entitled to those funds.

16.     It was further part of the scheme that, on or about March 5, 2010, defendant SHAWN RAY withdrew funds from an ATM using a UI debit card in the name of D.T., a purported employee of Brock Document Services, Inc., knowing that she was not entitled to those funds.

17.     It was further part of the scheme that, on or about March 21, 2011, defendant EBONI COPPAGE withdrew funds from an ATM using a UI debit card in the name of J.C., a purported employee of Pc Home Helpers, Cleaning & Moving Co, knowing that she was not entitled to those funds.

18.     It was further part of the scheme that, on or about March 4, 2010, defendant MICHAEL O'NEAL withdrew funds from an ATM using a UI debit card in the name of D.M., a purported employee of Skey Home Improvement, Inc., knowing that he was not entitled to those funds.

19.     It was further part of the scheme that JACQUELINE KENNEDY, ROWENA PUGHSLEY, TARA COX, MARCEL MASON, April Blanchard, Lantz Roberts, Jocklyn Batey,

and others falsely certified fraudulent UI claims, including representing to the UI programs that the claimants were entitled to UI benefits, had been available and able to work, and actively sought work during the certification period.

20.     It was further part of the scheme that, on or about February 1, 2010, defendant TARA COX falsely certified a fraudulent UI claim in the name of A.M., including representing to the UI program that A.M. was entitled to UI benefits, had been available and able to work, and actively sought work during the certification period.

21.     It was further part of the scheme that, by filing and certifying fraudulent UI claims, defendants JACQUELINE KENNEDY, ROWENA PUGHSLEY, TARA COX, MARCEL MASON, and others caused the victim states to add funds to debit cards registered to purported employees of fictitious companies, including not less than approximately $5.95 million in funds by the State of Illinois, not less than approximately $2.8 million in funds by the State of Indiana, and not less than approximately $342,000 by the State of Minnesota.

22.     It was further part of the scheme that defendants JACQUELINE KENNEDY, ROWENA PUGHSLEY, TARA COX, ORVIN HURST, MARCEL MASON, SHAWN RAY, EBONI COPPAGE, and MICHAEL O'NEAL, acting with others, misrepresented, concealed and hid, and caused to be misrepresented, concealed and hidden, the purposes of and acts done in furtherance of the scheme.

23.     On or about September 16, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 1426, in the name of T.R., a purported employee of ATAP Financial Enterprises, Inc., and addressed to 8525 S. Racine #B, Chicago, Illinois 60620;

In violation of Title 18, United States Code, Sections 1341 and 2.

## **COUNT THIRTEEN**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about December 8, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 6305, in the name of Ashlee Petermon, a purported employee of First Sight Consulting, and addressed to 2101 S. Michigan, #2307, Chicago, Illinois 60616;

In violation of Title 18, United States Code, Sections 1341 and 2.

23

## **COUNT FOURTEEN**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about November 7, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did to be delivered by mail according to the direction thereon, an Indiana UI debit card ending in number 5219, in the name of D.H., a purported employee of Pc Home Helpers, Cleaning & Moving Co, and addressed to 2631 Cleveland, Apt. 1, Hammond, Indiana 46323;

In violation of Title 18, United States Code, Sections 1341 and 2.

24

## COUNT FIFTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about October 27, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the name of M.B., a purported employee of Uniquely U Graphics;

In violation of Title 18, United States Code, Sections 1343 and 2.

25

## COUNT SIXTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about July 21, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 1588, in the name of Tameka Thompson, a purported employee of 4 Seasons Landscaping & Moving Co, and addressed to 1951 Beacon, Chicago Heights, Illinois 60411;

In violation of Title 18, United States Code, Sections 1341 and 2.

26

## COUNT SEVENTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.    On or about April 24, 2009, at Alsip, in the Northern District of Illinois, and elsewhere,

### JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 0954, in the name of Anise McGill, a purported employee of Kennedy Hampton Randle, and addressed to 12016 S. Kildare Ap, Alsip, Illinois 60803;

In violation of Title 18, United States Code, Sections 1341 and 2.

27

## COUNT EIGHTEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about May 7, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 5436, in the name of Lantz Roberts, a purported employee of ATAP Financial Enterprise, Inc., and addressed to 10651 S. Champlain, Chicago, Illinois 60628;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT NINETEEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about July 3, 2012, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Indiana UI debit card ending in number 4962, in the name of J.B., a purported employee of Best Document Services, and addressed to 1832 N. Mansards, Apt 2-J, Griffith, Indiana 46319;

In violation of Title 18, United States Code, Sections 1341 and 2.

29

## COUNT TWENTY

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about September 8, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

TARA COX,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by Federal Express, an interstate carrier, according to the direction thereon, an Illinois UI debit card ending in number 7296, in the name of W.S., a purported employee of Mels Home Improvement, Inc., and addressed to 7808 S. Seeley, Chicago, Illinois 60620;

In violation of Title 18, United States Code, Sections 1341 and 2.

30

## COUNT TWENTY-ONE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about August 20, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

### TARA COX,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 5645, in the name of D.A., a purported employee of KMS Movers, Inc., and addressed to 2539 W. 117th St., Chicago, Illinois 60655;

In violation of Title 18, United States Code, Sections 1341 and 2.

31

**COUNT TWENTY-TWO**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about December 4, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

TARA COX,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 5715, in the name of J.M., a purported employee of AAA Movers, Inc., and addressed to 6037 S. Indiana #S1, Chicago, Illinois 60637;

In violation of Title 18, United States Code, Sections 1341 and 2.

## **COUNT TWENTY-THREE**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about July 27, 2010, at Blue Island, in the Northern District of Illinois, and elsewhere,

### TARA COX,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, a Minnesota UI debit card ending in number 2540, in the name of O.R., a purported employee of Julius Thomas d/b/a JTK Investment, and addressed to 7420 Brunswick Ave. N., Brooklyn Park, Minnesota 55443;

In violation of Title 18, United States Code, Sections 1341 and 2.

33

## COUNT TWENTY-FOUR

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated..

2.     On or about February 7, 2011, at Blue Island, in the Northern District of Illinois, and elsewhere,

### TARA COX,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the name of A.W., a purported employee of Taylor Home Healthcare;

In violation of Title 18, United States Code, Sections 1343 and 2.

34

## COUNT TWENTY-FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.    On or about October 2, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

ROWENA PUGHSLEY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 3698, in the name of N.T., a purported employee of Larrys Home Improvement, Inc., and addressed to 223 W. 90th Pl., Chicago, Illinois 60620;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about October 6, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

ROWENA PUGHSLEY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 8885, in the name of L.N., a purported employee of LBT Designs, Inc., and addressed to 1230 W. 76th St. 138, Chicago, Illinois 60620;

In violation of Title 18, United States Code, Sections 1341 and 2.

36

## COUNT TWENTY-SEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about October 17, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

### ROWENA PUGHSLEY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 4770, in the name of J.B., a purported employee of LBT Designs, Inc., and addressed to 1140 E. 81st Place, 1E, Chicago, Illinois 60619;

In violation of Title 18, United States Code, Sections 1341 and 2.

37

## COUNT TWENTY-EIGHT

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about December 17, 2009, at Blue Island, in the Northern District of Illinois, and elsewhere,

ROWENA PUGHSLEY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 6555, in the name of T.G., a purported employee of Brock Document Services, Inc., and addressed to 9056 S. Dauphin Ave., #1, Chicago, Illinois 60619;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY-NINE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about September 8, 2010, at Blue Island, in the Northern District of Illinois, and elsewhere,

### ROWENA PUGHSLEY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Indiana UI debit card ending in number 6703, in the name of R.C., a purported employee of Ajs Transport, and addressed to 3040 E. 46th St., Indianapolis, Indiana 46205;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about February 14, 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the names of C.S., a purported employee of Happy Home Helpers, and J.C., a purported employee of Happy Home Helpers;

In violation of Title 18, United States Code, Sections 1343 and 2.

40

## COUNT THIRTY-ONE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about March 4, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 2154, in the name of K.J., a purported employee of Rich Document Services, Inc., and addressed to 3838 W. Polk St., Chicago, Illinois 60624;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY-TWO

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about March 4, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 9027, in the name of A.S., a purported employee of Rich Document Services, Inc., and addressed to 3838 W. Polk St., Chicago, Illinois 60624;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY-THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.    Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.    On or about August 8, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 9935, in the name of J.B., a purported employee of Coral Blue Home Health Care and addressed to 2439 W. Adams St., #2, Chicago, Illinois 60612;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY-FOUR

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1. Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2. On or about September 19, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 8839, in the name of Tara Cox, a purported employee of KMS Movers, Inc., and addressed to 1401 S. Karlov Ave., Chicago, Illinois 60623;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY-FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about March 7, 2011, at Lansing, in the Northern District of Illinois, and elsewhere,

### MARCEL MASON,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the names of M.W., a purported employee of Martin Transort, and M.B., a purported employee of Martin Transort;

In violation of Title 18, United States Code, Sections 1343 and 2.

## COUNT THIRTY-SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about March 14, 2011, at Sauk Village, in the Northern District of Illinois, and elsewhere,

### MARCEL MASON,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the name of C.S., a purported employee of A To Z Movers;

In violation of Title 18, United States Code, Sections 1343 and 2.

46

## COUNT THIRTY-SEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about December 28, 2009, at Calumet City, in the Northern District of Illinois, and elsewhere,

MARCEL MASON,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 3961 in the name of name of T.J., a purported employee of Mels Home Improvement, Inc., and addressed to 8139 S. Coles Ave., Chicago, Illinois 60617;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT THIRTY-EIGHT

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about March 7, 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

MARCEL MASON,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a wire transfer through the Federal Reserve System in New Jersey to PNC Bank in Pittsburgh, Pennsylvania, which was used to fund the State of Indiana UI account in the name of G.W., a purported employee of Taylor Home Healthcare;

In violation of Title 18, United States Code, Sections 1343 and 2.

48

## COUNT THIRTY-NINE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about November 30, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

SHAWN RAY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 6744, in the name of D.T., a purported employee of Brock Document Services, Inc., and addressed to 2422 E. 107th St., Chicago, Illinois 60617;

In violation of Title 18, United States Code, Sections 1341 and 2.

## **COUNT FORTY**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about February 27, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

SHAWN RAY,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 7745, in the name of J.G., a purported employee of Happy Hands Home Care & Cln, Inc., and addressed to 2001 S. Michigan Ave., 18F, Chicago, Illinois 60616;

In violation of Title 18, United States Code, Sections 1341 and 2.

50

## COUNT FORTY-ONE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about August 31, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

EBONI COPPAGE,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Indiana UI debit card ending in number 1587, in the name of J.C., a purported employee of Pc Home Helpers, Cleaning & Moving Co, and addressed to 3300 Daisy Ln. Apt. 1, Racine, Wisconsin 53405;

In violation of Title 18, United States Code, Sections 1341 and 2.

51

## COUNT FORTY-TWO

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.　　Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.　　On or about January 10, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

### EBONI COPPAGE,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 7647, in the name of Eboni Coppage, and addressed to 109 College Pk., #203, Normal, Illinois 61761;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FORTY-THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about August 7, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 4820, in the name of L.H., a purported employee of Coral Blue Home Health Care, and addressed to 1351 S. Kildare Ave., Chicago, Illinois 60623;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FORTY-FOUR

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about January 6, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 1529, in the name of G.W., a purported employee of Contemporary Designs, Inc., and addressed to 1019 31st Ave., Belwood, Illinois 60104;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FORTY-FIVE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about December 26, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 7586, in the name of R.D., a purported employee of Angels Home Health, Inc., and addressed to 1313 N. 25th Ave., FL, Melrose Park, Illinois 60160;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FORTY-SIX

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      On or about December 9, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and<br>
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 4280, in the name of K.S., a purported employee of AAA Movers, Inc., and addressed to 1313 N. 25th Ave., FL, Melrose Park, Illinois 60160;

In violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT FORTY-SEVEN

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.     On or about December 9, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX and
ORVIN HURST,

defendants herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 3332, in the name of K.R., a purported employee of AAA Movers, Inc., and addressed to 1313 N. 25th Ave., FL, Melrose Park, Illinois 60160;

In violation of Title 18, United States Code, Sections 1341 and 2.

## **COUNT FORTY-EIGHT**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1. Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2. On or about August 12, 2009, at Chicago, in the Northern District of Illinois, and elsewhere,

MICHAEL O'NEAL,

defendant herein, for the purpose of executing the aforesaid scheme, and attempting to do so, did knowingly cause to be delivered by mail according to the direction thereon, an Illinois UI debit card ending in number 6688, in the name of D.M., a purported employee of Skey Home Improvement, Inc., and addressed to 2001 S. Michigan Av., #13H, Chicago, IL 60616;

In violation of Title 18, United States Code, Sections 1341 and 2.

58

## COUNT FORTY-NINE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      From in or about February 2009, through in or about October 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

JACQUELINE KENNEDY,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of T.R., during and in relation to the offense conduct described in Count Twelve of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

## COUNT FIFTY

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      From in or about February 2009, through in or about October 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

TARA COX,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of D.A., during and in relation to the offense conduct described in Count Twenty-One of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

## COUNT FIFTY-ONE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.      Paragraphs 1 through 22 of Count Twelve are realleged and incorporated.

2.      From in or about February 2009, through in or about October 2011, at Chicago, in the Northern District of Illinois, and elsewhere,

ROWENA PUGHSLEY,

defendant herein, did knowingly possess and use, without lawful authority, a means of identification of another person, namely, the social security number of R.C., during and in relation to the offense conduct described in Count Twenty-Nine of this indictment;

In violation of Title 18, United States Code Sections 1028A(a)(1) and 2.

61

**COUNT FIFTY-TWO**

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.     On or about April 2, 2010, at Blue Island, in the Northern District of Illinois, and elsewhere,

ROWENA PUGHSLEY,

defendant herein, willfully made and subscribed and caused to be made and subscribed a United States Individual Income Tax Return (Form 1040) for the tax year 2009, which return was verified by a written declaration that it was made under the penalty of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return reported no other income on line 21 or anywhere else on the return, and total income of $196,414 on line 22, when the defendant knew that in fact her reported gross and total income were false and substantially exceeded the amounts reported;

In violation of Title 26, United States Code, Sections 7206(1).

62

## COUNT FIFTY-THREE

The SPECIAL AUGUST 2012 GRAND JURY further charges:

1.        On or about February 24, 2011, at Blue Island, in the Northern District of Illinois, and elsewhere,

### ROWENA PUGHSLEY,

defendant herein, willfully made and subscribed and caused to be made and subscribed a United States Individual Income Tax Return (Form 1040) for the tax year 2010, which return was verified by a written declaration that it was made under the penalty of perjury, and filed with the Internal Revenue Service, which return defendant did not believe to be true and correct as to every material matter, in that the return reported no other income on line 21 or anywhere else on the return, and total income of $70,538 on line 22, when the defendant knew that in fact her reported gross and total income were false and substantially exceeded the amounts reported;

In violation of Title 26, United States Code, Sections 7206(1).

## FORFEITURE ALLEGATION

The SPECIAL AUGUST 2012 GRAND JURY further alleges:

1.    The allegations contained in Counts Twelve through Forty-Eight of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c).

2.    As a result of the violations of Title 18, United States Code, Sections 1341 and 1343, as alleged in the foregoing Counts,

JACQUELINE KENNEDY,
ROWENA PUGHSLEY,
TARA COX,
ORVIN HURST and
MARCEL MASON,

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981, any and all right, title, and interest they may have in any property, real and personal, which constitutes and is derived from, proceeds obtained directly or indirectly from UI fraud and related activity, which property is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3.    The interests of defendants subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(C), include but are not limited to approximately $9.1 million in proceeds derived from the UI fraud.

4.    If the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due diligence;

      b.      has been transferred to, sold to, or deposited with a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value;

      e.      has been commingled with other property which cannot be subdivided

without difficulty;

the United States of America shall be entitled to forfeiture of substitute property under the

provisions of Title 21, United States Code, Section 853(p) as incorporated by Title 28, United

States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United

States Code, Section 2461(c).

A TRUE BILL:

FOREPERSON

UNITED STATES ATTORNEY

65